**Fred GUEGAN, Plaintiff-Appellant,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

No. 184, Docket 24337.

United States Court of Appeals Second Circuit.

Argued Jan. 25, 1957.

Decided May 2, 1957.

Robert A. Siebert, New York City, for plaintiff-appellant.

Gerald E. Dwyer, New York City (Edward J. Murphy, New York City, on the brief), for defendant-appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

The two questions raised by this appeal are whether the verdict was contrary to the weight of the evidence and whether it was error for the court to refuse to charge that the car on which plaintiff was working was a locomotive under 45 U.S.C.A. § 23, the Federal Boiler Inspection Act.

■ The evidence adduced at the two day trial presented very simple issues of negligence and contributory negligence; there was ample support for the verdict of the jury.

Guegan was employed by the railroad as an electrician at its yard at North White Plains, New York to make electrical inspections of its self-propelled electric cars and to attach the "buss jumpers," which are connecting cables used to feed the current from car to car. On September 21, 1952 he was working on making up a train consisting of a large string of electric, self-propelled, multiple-unit cars. As he inserted one end of the buss jumper into car number 359 the free end of the jumper made contact with the grab iron of the car and caused a flash explosion which burned his face and hair.

Guegan alleged that the head of the buss jumper must have been defective in order for the accident to have occurred. He testified that it was his job to inspect the jumper to make sure no foreign matter was in the head and that he had done so, finding nothing wrong. The defendant's expert witness testified that there was no structural defect in the jumper itself, and the flash could have been caused by the presence of some foreign substance in the jumper head such as moist earth, which would act as a conductor of electricity. Therefore from all the testimony and from examination of the actual jumper head presented in evidence, the jury could have found that there was no structural defect in the jumper at the time of the accident, and that some dirt or foreign object could have caused the spark. Hence they could have further found that the injury to

plaintiff was not due to the negligence of the defendant.

These were the issues which were clearly set forth in the judge's charge. Plaintiff's counsel took no exception to the judge's charge insofar as it dealt with causation or proof of facts constituting negligence. Likewise, no exception was taken to the judge's supplemental charge to the jurors in answer to a note from them after they had deliberated for almost three hours. The note indicated that the jury had drawn the conclusion that the jumper was not defective, as it read:

"Your Honor, the jury is in agreement that the buss jumper in question was not defective at the time of the accident. The jury would like to know whether this constitutes final decision or whether it is then in order to decide if there was other contributory negligence."

Judge Palmieri then commented on this intermediate report and reviewed for the jury the other matters to be considered before reporting a general verdict. No exception was taken to these proceedings or to any part of the judge's supplemental instructions. The jury retired and, after deliberating further for thirty-eight minutes, reported a general verdict for the defendant. As we have said, this verdict was not contrary to the weight of the evidence.

At the conclusion of the case the plaintiff requested a charge that the self-propelled car was a locomotive under 45 U.S.C.A. § 23. Judge Palmieri refused to so charge, saying that he did not believe that a self-propelling car came within the intent or purview of that statute.

■ Although plaintiff's counsel and the district court referred to this section as being a part of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., it is not a part of that Act. Section 23 is part of a statute of 1911 which, with subsequent amendments, is known as the Federal Boiler Inspection Act, 45 U.S.C.A. §§ 22–34. In order to recover

under the Federal Employers' Liability Act, negligence must be shown, whereas the Boiler Inspection Act imposes an absolute liability if it be shown that the locomotive was not in proper condition and safe to operate.

 The plaintiff brought suit under the Federal Employers' Liability Act; the second paragraph of the complaint so states. Paragraph Eleventh alleges that the injuries were caused by reason of the railroad's negligent operation and maintenance of its cars, appliances and equipment. The defendant's answer alleged that the injuries sustained by the plaintiff "were brought about or contributed to by reason of his own negligence." The trial was addressed to these issues of negligence and contributory negligence and the evidence was adduced and witnesses were examined as if the suit were based on the Federal Employers' Liability Act. This was a sufficient and a compelling reason for the judge to deny the request to charge. Moreover, neither party offered evidence or argument on which the trial court could properly determine whether the self-propelled car, under the circumstances of this case, was a locomotive within the meaning of 45 U.S.C.A. § 23.

The judgment is affirmed.